UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAURENE STENNETTE,

                Plaintiff,

  -against-

NEW YORK DEPARTMENT OF
SOCIAL SERVICES HUMAN RESOURCES
ADMINISTRATION,

                Defendant.
------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**22 CV 5755 (EK)(LB)**

**BLOOM, United States Magistrate Judge:**

       Plaintiff brings this *pro se* action against the New York Department of Social Services Human Resources Administration, alleging, *inter alia*, breach of contract and a violation of her right to due process. For the following reasons, it is respectfully recommended that this case should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

       Plaintiff commenced this action on September 12, 2021, by filing a complaint against defendant. ECF No. 1.[1] Summons was issued, ECF No. 6, and plaintiff filed proof of service, ECF No. 10. On January 26, 2023, defendant requested a pre-motion conference in anticipation of moving to dismiss plaintiff's complaint. ECF No. 9. Plaintiff responded on February 23, 2023. ECF No. 12. The Court granted defendant's request and held a pre-motion conference on May 3, 2023. ECF No. 14. However, plaintiff failed to appear and did not contact the Court or defendant's counsel to request an adjournment of the conference. ECF No. 15. The Court ordered plaintiff to show good cause in writing why she failed to appear at the pre-motion conference by May 31, 2023. Id. I explicitly warned that plaintiff that if she failed to write to the Court, I would

---

[1] The complaint was originally filed in the Southern District of New York. The action was transferred to this Court on September 27, 2022. ECF Nos. 3–4.

recommend that her case should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v).[2] Id. To date, plaintiff has failed to contact the Court.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to appear at a scheduling or other pretrial conference…." Fed. R. Civ. P. 16(f)(1)(A), (C). Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order. The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se,* so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff failed to appear at the May 3, 2023 pre-motion conference and failed to write to the Court by May 31, 2023 to show good cause for her failure to appear. The Court explicitly warned plaintiff in its May 3, 2023 Order that if she failed to appear or respond to the Order, her case would be dismissed. ECF No. 15. Despite this warning, plaintiff has failed to comply with the Court's Order. Plaintiff has not contacted the Court since February 2023 and appears to have abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

---

[2] Both the Court's Order scheduling the pre-motion conference, ECF No. 14, and the Court's Order to Show Good Cause, ECF No. 15, were mailed to plaintiff's address and were not returned to the Court as undeliverable.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 8, 2023
Brooklyn, New York